# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARIA EUGENIA IRIZARRY,**
    **Plaintiff,**

    v.                        Case No. 06C1034

**ANGEL MANUEL ALVAREZ,**
    **Defendant.**

## DECISION AND ORDER

Plaintiff Maria Eugenia Irizarry, proceeding pro se, has filed this action against defendant Angel Manuel Alvarez, alleging that he and others impersonated her parents, stole her identity and household items, drove away her boyfriend and attempted to poison her. Plaintiff seeks to enjoin defendant from communicating with her and additionally requests $9 trillion dollars in damages. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, Nietzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated, Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). Here, although plaintiff is in the custody of the state, the heightened requirements of the Prison Litigation Reform Act do not apply because he is a civil committee. See West v. Macht, 986 F.Supp. 1141, (W.D. Wis. 1997). Under § 1915, an indigent party may commence a federal court

action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence. While plaintiff's affidavit of indigence, like her complaint, is inconsistent and incoherent,[1] upon review of that affidavit in its totality, the court is satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Plaintiff indicates that she receives approximately $83.00 in monthly social security income. She claims that she has numerous monthly expenses exceeding her income, and she is unable to pay many bills.

District courts may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status. Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it is legally "frivolous or malicious" or fails to state a claim upon which relief may be granted. Id.; 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint,

---

[1]For example, plaintiff states that she is unmarried, yet indicates that her spouse receives a monthly income of $541.42. She also indicates that the value of various household items exceeds $216 million dollars, however it is unclear whether such items remain in plaintiff's possession or whether the numbers represent the alleged value of the items plaintiff claims defendant has stolen from her.

2

or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The court is obliged to give a pro se plaintiff's allegations, however inartfully pleaded, a liberal construction. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Plaintiff, in a rambling often incoherent complaint, asserts various allegations against defendant, none of which appear to implicate this court's jurisdiction. She claims that defendant and his wife have posed as her parents in an attempt to take her checks. Additionally, plaintiff claims that defendant sent individuals to her apartment to assault and to poison her so that they could steal her identification and other belongings. She asserts that the impetus behind these actions was defendant's desire to separate her from her boyfriend and contends that she lost her boyfriend because of defendant's behavior. For relief, plaintiff seeks to restrain defendant from contacting her, her daughters or her grandchild and to have her boyfriend return to her. She additionally seeks over $9 trillion dollars in damages.

Plaintiff does not allege that defendant is a state actor or employed by any other governmental entity, thus her allegations do not indicate that she is seeking relief under 28 U.S.C. § 1983. At most, plaintiff has pled state law claims for fraud, conversion and

battery against defendant. Because plaintiff has not stated claims implicating a federal question, I cannot exercise supplemental jurisdiction over these claims. Further, plaintiff and defendant are both residents of Wisconsin, and thus such claims are not proper under this court's diversity jurisdiction. As I lack jurisdiction over plaintiff's claims, I must dismiss them. See Fed. R. Civ. P. 12(h)(3).

Therefore,

**IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin this 11 day of November, 2006.

/s_____
LYNN ADELMAN
District Judge